Glenn v. Kays et al.

## Young A. Glenn

### v.

## Henry B. Kays et al.

1.  TRESPASS—HUNTING ON THE ENCLOSURES OF OTHERS.—The fact that
the defendants were in pursuit of wolves or other animals *feræ naturæ*, and
dangerous to mankind, for the purpose of their destruction, gives them no
license to trespass with impunity upon the lands of others.

2. PRACTICE—WAIVER OF INSTRUCTIONS.—A waiver of the right to ask the Court to give instructions to the jury does not preclude a party from assigning errors of law on an appeal.

APPEAL from the Circuit Court of Putnam county; the Hon. JOHN BURNS, Judge, presiding.

Mr. J. E. ONG and Messrs. BANGS, SHAW and EDWARDS, for appellant; argued that a motion for new trial should have been sustained because the verdict was clearly against the evidence, and cited Rev. Stat. 1874, 549; Pfeiffer v. Grossman, 15 Ill. 53; Wells v. Howell, 19 Johns. 385; Tonawanda Railroad v. Munger, 5 Den. 255; Newkirk v. Sabler, 9 Barb. 652; Hurmance v. Vernoy, 6 Johns. 5; Blake v. Jerome, 14 Johns. 406; Gilson v. Wood, 20 Ill. 37; Ously v. Hardin, 23 Ill. 403; Guille v. Swan, 19 Johns. 381; Whitney et al. v. Turner, 1 Scam. 253; Olsen v. Upsahl, 69 Ill. 273; Judson v. Cook, 11 Barb. 642; Burton v. McClellan, 2 Scam. 434; Painter v. Baker, 16 Ill. 103; Hunn v. Oldacre, 1 Starkie, 351; Van Leaven v. Lyke, 1 Com. 515; Dunckle v. Kocker, 11 Barb. 387; Woolf v. Chakler, 31 Conn. 121; Ward et al. v. Brown, 64 Ill. 307; Jack v. Hundall, 25 Ohio, 255; Ozburn et al. v. Adams, 70 Ill. 291; 1 Chitty on Pl. 178; 2 Hilliard on Torts, 231.

That the entry of appellees with their dogs upon appellant's land was a trespass: Pfeiffer v. Grossman, 15 Ill. 53; Wells v. Howell, 19 Johns, 385; Tonawanda Railroad v. Munger, 5 Den. 255; 1 Chitty on Pl. 178.

That all are liable for trespasses committed by any one of them: Gilson v. Wood, 20 Ill. 37; Guille v. Swan, 19 Johns, 381; Whitney et al. v. Turner, 1 Scam. 253; Olsen v. Upsahl, 69 Ill. 273; Judson v. Cook, 11 Barb. 642.

They are liable for all the consequences resulting from their unlawful acts: Burton v. McClellan, 2 Scam. 434; Painter v. Baker, 16 Ill. 103; Hunn v. Oldacre, 1 Starkie, 351; 2 Hilliard on Torts, 233; 1 Chitty on Pl. 397.

Mr. JAMES S. ECKLES and Mr. GEO. W. STIPP, for appellees; contending that the verdict ought not to be set aside where vindictive or nominal damages only are sought, cited Young v.

Silkwood, 11 Ill. 36; Johnson v. Weedman, 4 Scam. 494; Plumleigh v. Dawson, 1 Gilm. 544; Comstock v. Brosseau et al. 65 Ill. 39; City of Ottawa v. Sweely, 65 Ill. 434; Wiggins Ferry Co. v. Higgins, 72 Ill. 517; Bishop v. Busse et al. 69 Ill. 403.

SIBLEY, J. Young A. Glenn, the plaintiff in the Circuit Court, commenced this action against the defendants, to recover damages in trespass, occasioned by their entering into his enclosed fields with dogs, that chased, frightened and injured his stock. The plaintiff being a farmer and dealer in cattle, and the defendants keeping hounds, and frequently indulging in the sport of hunting. On the trial in the lower court, the defendants were found not guilty. But the verdict is so palpably against the law and the evidence, that even the attorneys for appellees seem in their brief rather to concede that it ought to be set aside, unless the reasons urged against it are sufficient to cure the error.

First, that these hunters who kept their packs of hounds, at the time of committing the trespasses complained of, were hunting wolves, and therefore had a right to pursue the game with their dogs into and through the plaintiff's enclosures, against his objections. We shall not enter upon the assumed difficult task proposed by appellees to the opposite counsel of producing "some authority against the right of any person to pursue wolves or other animals *feræ naturæ*, and dangerous to mankind, for the purpose of their destruction, across the enclosed fields of another"—although it is said to have been "one of the main legal questions mooted before the jury," and it appears was the idea acted upon by the defendants in their treatment of the plaintiff's possessions; but shall rest content with a single observation upon the subject, that whenever the law shall be so construed as to permit parties to trespass with impunity on the enclosures of their neighbors under such a plea, the fundamental principles upon which it is based should be so changed as to read, that every man shall be protected in the enjoyment of his property, except in cases where hunters, with their hounds, may desire

31

to make use of it in the pursuit of game that is considered dangerous.

Secondly, that appellant in waiving instructions by the court to the jury on the trial of the cause, constituted the jurors, arbitrators between the parties, and he can not for that reason assign any error of law as applicable to the evidence which may have been committed in finding the verdict. We think this position equally untenable. It could with as much propriety be said that where the parties waive a jury and try the cause before the court, neither can assign for error that the finding was against the law and the evidence, for as in such cases no instructions are usually asked by either party, therefore they by implication constituted the judge that tried the cause an arbitrator to forever settle unreviewable the disputed matters between them.

The plaintiff certainly, by the mere act of waiving instructions, lost none of his rights to a proper verdict if it was legally incorrect, and when it turned out that the jury had mistaken the law, or failed to make a correct application of the evidence to its principles, the court should without hesitation have set it aside and granted a new trial.

Again it is insisted that the settled practice in this State is not to award a new trial for the purpose of allowing a party to recover vindictive or mere nominal damages. This is doubtless the established practice. But it is quite apparent from the record in the case before us, that the appellant was seeking to recover for substantial injuries, and perceiving no reason to prevent him from so doing, we think the case ought to be submitted to another jury, where the parties will be afforded an opportunity to have the jury properly instructed upon the law of the case. The judgment is therefore reversed and the cause remanded.

                                        Judgment reversed.